2011 UT App 6

**Roger RYNHART, Petitioner and Appellant,**

v.

**STATE of Utah; and Steven Turley, Warden, Respondents and Appellees.**

No. 20100694–CA.

Court of Appeals of Utah.

Jan. 6, 2011.

Roger Rynhart, Draper, Appellant Pro Se.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellees.

Before Judges DAVIS, McHUGH, and ROTH.

MEMORANDUM DECISION

PER CURIAM:

¶ 1 Roger Rynhart appeals the dismissal of his petition for relief pursuant to the Post–Conviction Remedies Act (the PCRA), see Utah Code Ann. §§ 78B–9–101 to –110 (2008 & Supp.2010). This case is before the court on a sua sponte motion for summary disposition.

¶ 2 Rynhart filed a petition under the PCRA seeking, in sum, to have his guilty plea and convictions declared void because he claimed that his guilty plea was not knowing and voluntary and had been procured by fraud. The State moved to dismiss the petition, arguing that the claims were procedurally barred under the PCRA and also lacked merit. The district court ruled that Rynhart's claims were barred under Utah Code section 78B–9–106(1)(c) because the claims "could have been but [were] not raised at trial or on appeal," see Utah Code Ann. § 78B–9–106(1)(c) (Supp.2010). Because the district court ruled that the claims in the petition for post-conviction relief are procedurally barred, the issues on appeal are limited to a review of that ruling.

¶ 3 The district court did not err in ruling that Rynhart's claims were procedurally barred. Utah Code section 78B–9–106(1)(c) states that "[a] person is not eligible for relief under this chapter upon any ground that … could have been but was not raised at trial or on appeal." Id. Nevertheless, "a person may be eligible for relief on a basis that the ground could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel." Id. § 78B–9–106(3).

¶ 4 The State raised the procedural bar before the district court, arguing that all of Rynhart's claims could have been raised in a timely motion to withdraw his guilty plea or on direct appeal. Rynhart's petition did not assert that his failure to raise the claims in a timely motion to withdraw his guilty plea or on direct appeal was attributable to ineffective assistance of counsel. However, in response to the State's motion to dismiss, he asserted that his counsel was ineffective for failing to raise the claims in the trial court or on direct appeal. In Lafferty v. State, 2007 UT 73, 175 P.3d 530, the Utah Supreme Court considered a similar claim that the post-conviction court erred in dismissing post-conviction claims on the basis that they could have been made on direct appeal. The supreme court noted that "[i]n an attempt to avoid the procedural bar to their consideration," Lafferty argued that "counsel's failure

16. Because we find no error, we need not consider Nguyen's claim that he has been prejudiced by cumulative error.

to raise these claims illustrates his ineffectiveness, thereby providing an independent basis for collateral review." *Id.* ¶ 45. The supreme court held that the "attempt to reconfigure [the] claims" violated pleading requirements that allowed consideration of claims not raised in the petition only if the petitioner demonstrated "good cause for failing to raise those claims under the rubric of ineffective assistance of counsel" in the post-conviction petition itself. *Id.* ¶ 47.

¶ 5 The district court in this case considered and rejected Rynhart's claim that he was not informed that he had a right to move to withdraw his guilty plea or to appeal the decision. After reviewing the written statement in support of the guilty plea, as well as the plea colloquy, the district court concluded that Rynhart's claim that he was not informed of the right to move to withdraw his guilty plea or of his limited right to appeal had no arguable basis in fact. Finally, the district court ruled that "as [Rynhart] has not otherwise alleged that his failure to appeal or withdraw his plea was the result of ineffective assistance of counsel, [Rynhart] has not met his burden of disproving the procedural bar." Because Rynhart provided no credible claim that he was precluded from asserting the claims in the trial court or on appeal, the district court did not err in concluding that his claims for post-conviction relief were procedurally barred under the PCRA.

¶ 6 Accordingly, we affirm.